Stephen J. Tully, SBN 112390
stully@garrett-tully.com
Efrén A. Compeán, SBN 119658
ecompean@garrett-tully.com
Trang T. Tran, SBN 204481
ttran@garrett-tully.com
GARRETT & TULLY, P.C.
225 South Lake Avenue, Suite 1400
Pasadena, California  91101-4869
(626) 577-9500 * Fax  (626) 577-0813

Attorneys for Defendant
Stonefield Josephson, Inc.

E-FILED 08/28/13

NOTE CHANGES MADE BY THE COURT

DENIED BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. MOSIER as Receiver for PRIVATE EQUITY MANAGEMENT GROUP, INC. and PRIVATE EQUITY MANAGEMENT GROUP, LLC and their subsidiaries and affiliates,<br><br>            Plaintiff,<br><br>   v.<br><br>STONEFIELD JOSEPHSON, INC., CPAs, a California Corporation; and DOES 1-10 inclusive,<br><br>            Defendants. | CASE NO.  2:11-cv-02666 PSG (Ex)<br>[Hon. Philip S. Gutierrez]<br><br>**REQUEST FOR PUBLICATION OF COURT'S JULY 30, 2013 DECISION** ; ORDER<br><br>Date:         [No hearing required]<br>Time:        [No hearing required]<br>Courtroom: [No hearing required] |

///
///
///
///
///
///
///
///
///

1. **PRELIMINARY STATEMENT.**

Pursuant to the Ninth Circuit's Local Rule 36-4, Stonefield Josephson, Inc., CPAs ("Stonefield") respectfully requests the publication of this Court's July 30, 2013 decision in the matter of *Robert P. Mosier v. Stonefield Josephson, Inc., CPAs*. Stonefield requests that this Court publish its decision because it satisfies the following two requisites for publication under Rule 36-2: (1) it clarifies a rule of law and (2) it involves a legal or factual issue of substantial public importance.

2. **THE DECISION CLARIFIES THE REQUIREMENTS FOR PROOF OF CAUSATION IN AUDITOR LIABILITY CASES.**

The Court's decision warrants publication because it clarifies the application of *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959 (1990), which held that in an action for negligent rendering of audit services, "a plaintiff's reliance on a professional's misrepresentations is an element of professional negligence of the variety alleged here." 921 F.2d at 965. First, this Court's decision clarifies that "reasonable" or "innocent" reliance is required to establish causation. Second, the decision also clarifies that reliance on the audit reports of a company is unreasonable where those reports disclose substantial violations of Generally Accepted Accounting Principles ("GAAP") and that the audit reports did not reflect an assessment of all of the company's assets.

   A. **The Decisions Clarifies That "Reasonable" or "Innocent" Reliance Is Required To Establish Causation In Audit Negligence Cases.**

The Court's decision holds that, in the context of a professional negligence claim against an accountant for audit negligence, in order to prove causation the plaintiff must establish reasonable reliance on the audit reports prepared by the defendant. As the Court's decision explains, "[w]hile reasonable reliance is not a per se element of the tort of professional negligence, reasonable reliance is an essential means of proving causation in an action based on false representations in an auditor's report." Dkt. # 155, at 5. While the Court's decision relies upon the holding in

*Smolen* and also cites *Stagen v. Stewart-West Coast Title Co.*, 149 Cal.App. 3d 114, 119-20 (1983), the decision clarifies that the rationale for the *Smolen* decision is generally applicable to actions for professional negligence based upon an auditor's alleged negligent preparation of an audit.

The Court's decision is significant in its adoption of the reasoning of the Sixth Circuit's decision in *In re NM Holdings Co., LLC*, 622 F.3d 613, 620 (6th Cir. 2010) and Fifth Circuit's decision in *FDIC v. Ernst & Young*, 967 F.2d 166, 170 (5th Cir. 1992). As the Court's decision explains, as in each of those cases, "reliance is not an independent element of the tort of professional negligence and so the Receiver did not need to plead reliance in order to proceed on his professional negligence claim past a motion to dismiss." Dkt. #155, at 8. However, on summary judgment, "in order to prove the essential element of causation, the Receiver must present evidence of reliance; if nobody relied on the audits as accurate, then the audit could not have caused PEMGroup's purported losses." *Id.*

### B. The Decision Also Clarifies That Reliance On Audit Reports Containing Significant Disclosures And Qualifications Regarding GAAP Violations Is Unreasonable.

The Court's decision clarifies that *Smolen*'s requirement for establishing causation through proof of reliance cannot be satisfied where the audit reports in question contain disclosures of GAAP violations and expressly indicate that the auditor could not express an opinion on a significant portion of the company's assets. As the Court's decision states, "given the disclosure that GVEC had violated GAAS in numerous ways and so the audit reports did not reflect an assessment of all of GVEC's assts, it would have been unreasonable for anyone to have relied on the reports to accurately reflect GVEC's financial state." Dkt. # 155. At 11.

///

///

///

### 3. THE DECISION INVOLVES A LEGAL ISSUE OF SUBSTANTIAL PUBLIC IMPORTANCE.

The Court's decision also involves a legal issue of substantial public importance. A frequently litigated issue in auditor negligence cases is whether reliance is an element of a professional negligence claim - or, put another way, whether a client's failure to rely upon the accountant's audit report (as when, for example, the client had full knowledge of the information allegedly omitted from the audited financial statements) constitutes a lack of causation sufficient to negate a professional negligence action. As of the date of this request, *Smolen* has been cited over 220 times in cases and treatises, and many of those citations relate to the role of reliance in relation to the causation element in audit negligence cases. As the Court's decision here notes, "numerous circuits and federal district courts have similarly held that "innocent reliance is necessary to establish causation in fact" for a professional negligence claim based on an auditor's negligent preparation of an audit. Dkt. #155, at 5. The Court's clarification of *Smolen* makes clear that California courts follow the majority view requiring proof of causation through reliance, as exemplified by the holdings in *In re NM Holdings*, 622 F.3d at 620 and *Ernst & Young*, 967 F.2d at 170. The Court's clarification of this important rule of law is a matter of substantial public importance.

### 4. CONCLUSION.

For the foregoing reasons, Stonefield respectfully requests that the Court publish its July 30, 2013 decision.

DATED: August 26, 2013            GARRETT & TULLY, P.C.

    /S/ Efren A. Compeán
EFREN A. COMPEÁN
Attorneys for Defendant Stonefield Josephson, Inc., CPAs

**IT IS SO ORDERED.**
DATED: 8/28/13
DENIED
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 26, 2013.

    /S/ Becky Peña  
BECKY PEÑA  
GARRETT & TULLY, P.C.  
225 South Lake Avenue, Suite 1400  
Pasadena, California 91101-4869  
(626) 577-9500 * Fax (626) 577-0813  
bpena@garrett-tully.com